NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN JUBELT,<br><br>Plaintiff,<br><br>v.<br><br>UNITED MORTGAGE BANKERS, LTD., BANK OF AMERICA, N.A. (SERVICER), BANK OF AMERICA, N.A., BRYAN CAMPOS, DON GIORGIO, JOHN DOES 1-10 (Fictitious Individuals), ABC BUSINESS ENTITIES 1-10 (Fictitious Entities),<br><br>Defendants. | Civil Action No. 2:13-7150 (ES) (JAD)<br><br>REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION TO REMAND |

**JOSEPH A. DICKSON, U.S.M.J.**

This matter comes before the Court upon Plaintiff's motion to remand this matter to the Superior Court of New Jersey, Law Division, Bergen County, pursuant to 28 U.S.C. § 1441 and § 1446. (ECF No. 8). The Hon. Esther Salas, U.S.D.J. referred Plaintiff's motion to this Court for a Report and Recommendation. Pursuant to Federal Rule of Civil Procedure 78, the Court did not hear oral argument. Upon consideration of the parties' submissions, and for the reasons stated below, this Court recommends that Plaintiff's motion be **denied**.

## I. BACKGROUND AND PROCEDURAL HISTORY

This action involves various state law claims against Defendants United Northern Mortgage Bankers Ltd. ("United"), Bank of America, N.A. (Servicer) and Bank of America, N.A. (collectively "BOA"), Bryan Campos and Don Giorgio (collectively referred to as "Defendants"). Plaintiff John Jubelt initiated this action by filing a Summons and Complaint in the Superior Court of New Jersey, Chancery Division, Bergen County, on October 11, 2013. (Compl., ECF No. 1-1, at 6). On November 25, 2013, Defendant United removed the case to this Court, contending that the Court had original subject matter jurisdiction (on both diversity and federal question grounds) and that removal was therefore appropriate pursuant to 28 U.S.C. § 1441. (Notice of Removal, ECF No. 1, ¶ 12-13).

On December 23, 2013, Plaintiff moved to remand this case to the New Jersey Superior Court, arguing that United's removal was improper because it was procedurally defective and because neither diversity nor federal question jurisdiction existed. (Pl. Br., ECF No. 8-2, at 6-13). Defendants BOA and United filed oppositions to Plaintiff's Motion to Remand on January 6, 2014, (BOA Br., ECF No. 10), and January 21, (United Br., ECF No. 14), respectively. Plaintiff filed a reply on January 30, 2014. (ECF No. 16).

## II. LEGAL STANDARD – REMOVAL AND REMAND

Section 1441(a) of Title 28 allows removal of a civil action from state court to federal court if the federal court has original subject matter jurisdiction over the action. Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). A federal district court has original subject matter jurisdiction over all civil actions where the amount in controversy exceeds $75,000 and the action is between citizens of different states. 28 U.S.C. § 1332(a)(1). This is known as "diversity jurisdiction." An action can be removed on the basis of diversity jurisdiction only if

2

there is a complete diversity between all named plaintiffs and defendants, and no defendant is a citizen of the forum State." Lincoln Prop. Co. v. Roche, 546 U.S. 81, 84 (2005). These requirements are commonly referred to as "complete diversity" and the "forum defendant rule." Complete diversity prohibits removal if a plaintiff and any defendant are citizens of the same state. Kaufman v. Allstate N.J. Insur. Co., 561 F.3d 144, 148 (3d Cir. 2009). An action may also be removed if it includes a claim arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1441(a). This is commonly known as "federal question jurisdiction."

A removing defendant must also comply with a procedural requirement set forth in 28 U.S.C. § 1446(b)(1), which requires a removing defendant to file a notice of removal within thirty days of service of a summons and compliant. Di Loreto v. Costigan, 351 F. App'x 747, 751 (3d Cir. 2009). In matters removed solely on the basis of federal question jurisdiction under 28 U.S.C. §1441(a), the removing defendant is also required to obtain the consent of all other defendants properly joined and served in the action. 28 U.S.C. § 1446(b)(2)(A).

Finally, as the United States Court of Appeals for the Third Circuit has clearly stated, removal statutes "are to be strictly construed against removal and all doubts should be resolved in favor of remand." Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990) (citing Steel Valley Auth. v. Union Switch & Signal Div., 809 F.2d 1006, 1010 (3d Cir.1987)).

### III. ANALYSIS

Defendant United removed this case on the grounds that this Court had original subject matter jurisdiction over Plaintiff's claims. (Notice of Removal, ECF No. 1, ¶¶ 11-13). Specifically, United contended that, because the amount in controversy exceeds $75,000 and Plaintiff and all Defendants are citizens of different states, diversity jurisdiction was appropriate under 28 U.S.C. § 1332. (Id., ¶¶ 11-12). United also asserted that, because certain of Plaintiff's

claims were premised on Defendants' alleged violation of the Truth in Lending Act, 15 U.S.C § 1601, et seq., federal question jurisdiction also existed pursuant to 28 U.S.C. § 1331. (Id., ¶ 13).

In his motion to remand, Plaintiff argues that removal was improper because his claims do not involve a "federal question" sufficient to establish original jurisdiction under 28 U.S.C § 1331. (Pl. Br., ECF No. 8-2, at 6-9). Plaintiff also appears to challenge the propriety of subject matter jurisdiction under 28 U.S.C. § 1332, insinuating that diversity jurisdiction is somehow inappropriate because Defendants United and BOA have previously submitted to the jurisdiction of the Superior Court of New Jersey in multiple, non-related foreclosure actions, and because those defendants "are registered through the New Jersey Department of Banking and Insurance to transact mortgage lending activities." (Id. at 11-13). Finally, Plaintiff raises a procedural argument, contending that the case must be remanded because fewer than all defendants consented to United's removal. (Pl. Br., ECF 8-2, at 10).

In opposing remand, Defendants United and BOA argue that diversity jurisdiction is satisfied and, notwithstanding diversity, Plaintiff's Complaint raises a sufficient federal question by virtue of its allegations regarding Defendants' violations of the Truth in Lending Act. (BOA Br., ECF 10, at 2, 5).

### A. Diversity Jurisdiction

As noted above, the District Court has subject matter jurisdiction over this case on diversity of citizenship grounds if the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and Plaintiff's citizenship is unique from that of all defendants. 28 U.S.C. § 1332. Moreover, pursuant to the "forum defendant rule," a case may not be removed solely on diversity grounds "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which the action is brought." 28 U.S.C. § 1441(b)(2). For the purposes of

4

analyzing diversity of citizenship, 28 U.S.C. § 1332(c) provides, in pertinent part, that "a corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business." Where, as here, a case involves a national association, such as BOA, that entity is deemed to be a citizen of "the State designated in its articles of association as its main office." Wachovia Bank v. Schmidt, 546 U.S. 303, 318 (2006).

Here, Plaintiff has expressly conceded that the amount in controversy in this matter exceeds $75,000.00. (Pl. Br., ECF No. 8-2, at 4). This Court also finds that Plaintiff and all defendants are citizens of different states. Plaintiff is a citizen of the State of New Jersey. (Compl., ECF No. 1-1, ¶ 1). Plaintiff alleges that United is a New York corporation with its principal place of business in New York. United is, therefore, a citizen of New York pursuant to 28 U.S.C. § 1332. The record reflects that Defendants Campos and Giorgio are also New York citizens. (Notice of Removal, ECF No. 1, ¶¶ 9-10). Plaintiff does not suggest otherwise. Plaintiff has conceded that BOA is a national banking association with its principal office in North Carolina. (Pl. Br., ECF No. 8-1, at 2). BOA is thus a North Carolina citizen for diversity purposes. Wachovia Bank, 546 U.S. at 318. Based on the foregoing, there is complete diversity of citizenship in this matter and, as none of the defendants are citizens of New Jersey, United's removal did not run afoul of the "forum defendant rule." This Court finds that the District Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332 and that Defendant United's removal was both effective and procedurally appropriate.

### B. Federal Question Jurisdiction

As this Court finds that the District Court has subject matter jurisdiction over this case based on diversity of citizenship, it need not consider whether Plaintiff's claims also involve a

federal question. Likewise, the Court need not determine whether all properly served defendants consented to United's removal, as that procedural hurdle applies only to removals based solely on federal question jurisdiction. 28 U.S.C. § 1446(b)(2)(A).

## IV. <u>CONCLUSION</u>

Based on the foregoing, this Court recommends that Plaintiff's motion to remand, (ECF No. 8), be denied and that this matter continue in this Court.

                                                     _/s/ Joseph A. Dickson_ 2/7/14
                                                     **Joseph A. Dickson, U.S.M.J.**

cc. Honorable Esther Salas, U.S.D.J.